UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| Sheila Smith, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Tru Life Real Estate, Inc.,<br><br>Defendant. | CASE NO.<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

**Nature of this Action**

1. Sheila Smith ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Tru Life Real Estate, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing text message to residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

**Parties**

3. Plaintiff is a natural person who at all relevant times resided in Jeffersonville, Indiana.

4. Defendant is a Kentucky corporation that runs a real estate business headquartered in Lexington, Kentucky.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), and 28

1

U.S.C. § 1331.

6. Venue is proper before this Court under 28 U.S.C. § 1391(b)(1) as Plaintiff resides in this district and a significant portion of the events giving rise to this action occurred in this district.

7. In particular, Defendant directed its text messages to Plaintiff's telephone in this district, and Plaintiff received Defendant's text messages in this district.

## Factual Allegations

8. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(404) 213-XXXX.

9. Plaintiff uses her cellular telephone as her personal residential telephone number.

10. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC Registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

11. Plaintiff registered her cellular telephone number with the DNC Registry on July 2, 2003, and has maintained that registration through the present date.

12. Beginning in January 2024 and continuing through the present, Plaintiff began receiving text messages on her cellular telephone from Defendant, including:




13. Each of the text messages were for the purposes of telemarketing and soliciting for Defendant's business, specifically offering its services to: (1) sell her property; (2) help appraise her property, presumably in an effort to motivate her to sell her property; or (3) provide advice to maximize a potential sale of her property.

14. The purpose of the text messages at issue was, therefore, to advertise and to market Defendant's real estate business or services.

15. Plaintiff did not recognize the sender of these text messages.

16. Plaintiff is not, and was not, interested in selling her home, or purchasing another home.

17. The text messages identify "Cole Guthrie" and Defendant's business name as the sender of each message.

18. According to the Kentucky Department of Professional Licensing, Cole Guthrie is a Kentucky-licensed real estate broker affiliated with Defendant, and Defendant is an actively-licensed registered real estate firm.

19. Upon information and belief, Cole Guthrie is an employee, agent, or authorized representative of Defendant, and sent the text messages at issue in furtherance of Defendant's business.

20. Plaintiff is not, and was not, interested in Defendant's services or marketing.

21. Plaintiff did not previously contact or transact with Defendant or Cole Guthrie.

22. Plaintiff believes she has received at least five telemarketing and solicitation text messages from Defendant from telephone number (859) 295-6855.

23. Therefore, Defendant sent, or caused to be sent, at least five advertisement or telemarketing text messages to Plaintiff's cellular telephone in 2024.

24. Plaintiff did not give Defendant prior express consent or prior express written consent to send text messages to her cellular telephone number.

25. Defendant sent the text messages at issue for non-emergency purposes.

26. Upon information and good faith belief, Defendant sent the text messages at issue voluntarily.

27. The purpose of the text messages at issue was to advertise and to market Defendant's business or services.

28. Specifically, as a real estate agency, Defendant sought to represent Plaintiff in either a purchase of a new home or a sale of her home, in exchange for a commission or other valuable consideration.

29. The FCC's guidance is particularly illuminating here. Congress charged the FCC with implementing the Federal Do-Not-Call rules. 47 U.S.C. § 227(c)(1). In 2005, the National Association of Realtors petitioned the FCC for an exemption from the Do-Not-Call rules' definition of "solicitation" for calls made by real estate agents to property owners with lapsed real estate listings, where the real estate agent solicits their services to a prospective seller. *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 20 F.C.C. Rcd. 3788 (2005). In interpreting the definition of "telephone solicitation," the FCC rejected this proposed exemption, and concluded "that a telephone solicitation would include calls by real estate agents to property owners for the purpose of offering their services to the owner, whether the property listing has lapsed or not." *Id*. at 3793-94.

30. In other words, the FCC has expressly declared that Defendant's conduct qualifies as a regulated telephone solicitation which accordingly must adhere to both 1) the DNC Registry; and 2) the requirement that a telemarketer obtain prior express written consent before sending any

5

telemarketing or solicitation messages.

31. As a result, Defendant's conduct—contacting known or suspected homeowners by text message to offer representation to the homeowner as a buyer's or seller's agent, in exchange for commission—fits squarely within the TCPA's definition of telemarketing or solicitation, as reinforced by the FCC.

32. Plaintiff did not give Defendant prior express invitation or permission to send advertisement or marketing text messages to her cellular telephone number.

33. Plaintiff did not request real estate services from Defendant, did not use Defendant's website or submit any inquiries on it, and did not otherwise communicate with Defendant prior to receiving these telemarketing communications.

34. Plaintiff suffered actual harm as a result of the text messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

35. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered her cellular telephone number with the DNC Registry.

## Class Action Allegations

36. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class (the "Class"):

> All persons throughout the United States (1) to whom Tru Life Real Estate, Inc. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Tru Life Real Estate, Inc.'s, or its business partners', goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before Tru Life Real Estate, Inc. delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

37. Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in

which Defendant has or had a controlling interest.

38. Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

39. The exact number of members of the Class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

40. The members of the Class are ascertainable because the Class is defined by reference to objective criteria.

41. In addition, the members of the Class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties, including members of the Class.

42. Plaintiff's claims are typical of the claims of the members of the Class.

43. As it did for all members of the Class, Defendant delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered her telephone number with the DNC Registry.

44. Plaintiff's claims, and the claims of the members of the Class, originate from the same conduct, practice, and procedure on the part of Defendant.

45. Plaintiff's claims are based on the same theories as are the claims of the members of the Class.

46. Plaintiff suffered the same injuries as the members of the Class.

47. Plaintiff will fairly and adequately protect the interests of the members of the Class.

48. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

49. Plaintiff will vigorously pursue the claims of the members of the Class.

50. Plaintiff has retained counsel experienced and competent in class action litigation.

51. Plaintiff's counsel will vigorously pursue this matter.

52. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

53. The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

54. Issues of law and fact common to all members of the Class include:

   a. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

   b. Defendant's practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

   c. Defendant's violations of the TCPA; and

   d. The availability of statutory penalties.

55. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56. If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

57. The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

58. The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of

conduct for Defendant.

59. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

60. The damages suffered by the individual member of the Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

61. The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

62. There will be no extraordinary difficulty in the management of this action as a class action.

63. Defendant acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(c)(5)
### On behalf of the Class

64. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

66. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber

9

who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

67. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

68. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

69. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Federal Do-Not-Call Registry Class who registered their respective residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

70. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and the Federal Do-Not-Call Registry Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

71. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. Designating Plaintiff as a class representative of the proposed Class under Federal Rule of Civil Procedure 23;

c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e. Enjoining Defendant from continuing their violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f. Awarding Plaintiff and the members of the Class damages under 47 U.S.C. § 227(c)(5)(B);

g. Awarding Plaintiff and the members of the Class treble damages under 47 U.S.C. § 227(c)(5)(C);

h. Awarding Plaintiff and the members of the Class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i. Awarding Plaintiff and the members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

j. Awarding such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: October 31, 2024.                    */s/ Alex D. Kruzyk*
                                           Alex D. Kruzyk

**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444
akruzyk@pkglegal.com

*Counsel for Plaintiff and the proposed class*